IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JESSIE DUDLEY, #37486**                                                        **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO.: 3:11-cv-184-DPJ-FKB**

**RON KING**                                                          **RESPONDENT**

<u>ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Jessie Dudley, an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I.    Background**

Petitioner states that he was unconstitutionally denied parole. Pet. [1] at 5. According to Petitioner, he was considered for parole by the Mississippi Parole Board on or about October 26, 2010. *Id*. He was then notified on or about November 24, 2010, that he was denied parole and would be reviewed again for parole in two years. *Id*. Petitioner argues that the Mississippi Parole Board "considered improper factors in denying him parole release." *Id*.

In his petition [1], Petitioner states that he filed an Administrative Remedies Complaint that was rejected in March 2011. Pet. at 7. The Court entered an order [6] on August 5, 2011, directing Petitioner to provide additional information concerning the exhaustion of his habeas claim in the state courts. Petitioner states in his response/amended complaint [7] filed on August 19, 2011, that he has not filed with the state courts any action requesting relief from the denial of his parole.

**II.     Analysis**

After reviewing Petitioner's application for habeas corpus relief and response/amended complaint [7] and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusion.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

The Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated § 99-39-5(h) (West 2010), provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." The United States Court of Appeals for the Fifth Circuit recognizes that "[a] claim concerning a Mississippi prisoner's eligibility for parole is cognizable under the state post-conviction relief act." *Lott v. Murphy*, 20 F.3d 468,(5th Cir. Mar. 24, 1994) (not selected for publication)). Therefore, the state remedies which are available to Petitioner are adequate and must be exhausted prior to pursuing habeas relief pursuant to 28 U.S.C. § 2254. *See id.* Because Petitioner has not pursued his parole claims, in any form, with the state courts, this Court finds that Petitioner has not meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c).

**III.     Conclusion**

Based on the reasons above, Petitioner's request for habeas relief is dismissed without prejudice for his failure to exhaust available state court remedies.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2011.

                                      s/ *Daniel P. Jordan III*
                                      UNITED STATES DISTRICT JUDGE